UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARREN LEE WHITNEY, | ) | Civil No. 08cv2195 LAB(RBB) |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **GRANTING RESPONDENT'S MOTION** |
| v. | ) | **TO DISMISS [DOC. NO. 11] AND** |
| | ) | **ORDER DENYING REQUEST FOR** |
| A. HEDGPETH, Warden, | ) | **EVIDENTIARY HEARING** |
| | ) | |
| Respondent. | ) | |

Petitioner Darren Whitney, a prisoner proceeding pro se and in forma pauperis, filed his Petition for Writ of Habeas Corpus on November 24, 2008, pursuant to 28 U.S.C. § 2254 [doc. no. 1]. Petitioner claims he is entitled to habeas relief for the following reasons: (1) The trial court erred in admitting his codefendant's prior conviction; (2) Whitney received ineffective assistance of trial counsel; (3) the trial judge erred by imposing enhancements at sentencing; (4) Petitioner received ineffective assistance of appellate counsel; (5) his sentences for counts three and four

should have been stayed; and (6) there were errors in his re-sentencing brief.[1]  (Pet. 7.)

On February 25, 2009, Respondent Hedgpeth filed a Motion to Dismiss with a Memorandum of Points and Authorities and Lodgments [doc. no. 11].  Respondent argues the Petition should be dismissed because the claims are time barred by the statute of limitations in 28 U.S.C. § 2244(d), and although there is some statutory tolling, it is not sufficient to make the Petition timely.  (Mot. Dismiss Attach. #1 Mem. P. & A. 5.)  Petitioner's Opposition Motion to Respondent's Request to Dismiss was filed nunc pro tunc to March 30, 2009 [doc. nos. 15, 17].

## I.  FACTUAL BACKGROUND

On January 14, 2003, a jury convicted Whitney of two counts of robbery and two counts of assault with a firearm, and found that multiple enhancement allegations were true.  (Pet. 20.)  On April 16, 2003, he was sentenced to a total of forty-five years to life on count one.  (Id. at 20-21.)  He received the same sentence for the remaining robbery and two assault convictions, but the sentences were concurrent.  (Id. at 21.)  Whitney appealed his conviction, and on December 13, 2004, the California Court of Appeal affirmed the convictions but held that the trial court erred in not striking section 12022.5 sentencing enhancements and violated Whitney's rights under Blakely v. Washington, 542 U.S. 296 (2004).  (Pet. 21-22, 70.)  The appellate court concluded that the trial court "committed Blakely error by imposing upper term enhancements with respect to counts 3 and 4 on the basis of facts

---

[1] Because Whitney's Petition is not consecutively paginated, the Court will use the page numbers assigned by the electronic case filing system.

1 not found by the jury beyond a reasonable doubt." (<u>Id.</u> Ex. 1,
2 <u>People v. Gains</u>, Case No. D042073, slip op. at 4 (Cal. Ct. App.
3 Dec. 13, 2004). The court remanded Petitioner to the trial court
4 for resentencing. (<u>Id.</u>) "On remand, the court corrected the
5 errors and again imposed the 45-year term." (Lodgment No. 1,
6 <u>People v. Whitney</u>, No. D046443, slip op. at 4 (Cal. Ct. App. Sept.
7 14, 2005).)

**II. PROCEDURAL BACKGROUND**

9   After resentencing, Whitney filed his second appeal. His
10 appointed counsel did not raise any issues; instead, he provided a
11 summary of the proceedings and facts with citations to the
12 transcript pursuant to <u>People v. Wende</u>, 25 Cal. 3d 436, 600 P.2d
13 1071, 158 Cal. Rptr. 839 (1979), and <u>Anders v. California</u>, 386 U.S.
14 738 (1967). (Pet. Attach. #1 (Ex. J at 1, Appellant's Opening Br.,
15 <u>Whitney v. People</u>, No. D046443).) Whitney filed two supplemental
16 briefs on his own behalf. (Mot. Dismiss Attach. #1 Mem. P. & A.
17 3.)

18   On September 14, 2005, the California Court of Appeal affirmed
19 Whitney's conviction and resentencing. (Lodgment No. 1, <u>People v.</u>
20 <u>Whitney</u>, No. D046443, slip op. at 4-5; <u>see</u> Pet. 2.) Although
21 Whitney states that he filed a petition for review with the
22 California Supreme Court that was denied on July 11, 2007, it
23 appears that he filed a petition for habeas corpus relief.
24 (<u>Compare</u> Pet. 2-4, <u>with</u> Lodgment No. 2, <u>In re Whitney</u>, No S146087,
25 <u>and</u> Lodgment No. 3, <u>In re Whitney</u>, No. S146087, slip op. at 1.)
26 His habeas corpus petition was submitted to the California Supreme
27 Court on August 18, 2006, over eleven months after his conviction
28 was affirmed. (Lodgment No. 2, <u>In re Whitney</u>, No. S146087.) On

July 11, 2007, the California Supreme Court summarily denied the habeas petition. (Lodgment No. 3, <u>In re Whitney</u>, No. S146087, slip op. at 1.)

On August 10, 2007, Whitney timely filed a federal Petition for Writ of Habeas Corpus. <u>Whitney v. Hedopeth</u>, Case No. 07cv1592 LAB (PLC) (S.D. Cal. filed Aug. 10, 2007) (petition for habeas corpus).[2] The petition was dismissed without prejudice on September 6, 2007, due to Whitney's failure to use the proper form. <u>Whitney v. Hedopeth</u>, Case No. 07cv1592 LAB (PLC) (S.D. Cal. Sept. 6, 2007) (amended order dismissing petition without prejudice). He filed a First Amended Petition that was also dismissed without prejudice on September 28, 2007, for failure to name the proper respondent and failure to allege exhaustion of state judicial remedies. <u>Whitney v. Hedopeth</u>, Case No. 07cv1592 LAB (PLC) (S.D. Cal. Sept. 28, 2007) (order dismissing amended petition at 2-4). Whitney was given until November 16, 2007, to file a second amended petition that cured the pleading deficiencies. He did not file an amended petition by the deadline. Instead, Whitney filed his Petition for Writ of Habeas Corpus on November 24, 2008, over a year later and sixteen months after the state supreme court denied his last state petition [doc. no. 1].

### III. STANDARD OF REVIEW

Whitney is subject to the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 because he filed his Petition after

---

[2] In that petition, Whitney named the respondent as Warden Hedopeth, and the Court's docket identifies the case as <u>Whitney v. Hedopeth</u>, Case No. 07cv1592 LAB (PCL). The respondent's actual name appears to be Hedgpeth, and some subsequent court orders identify the respondent as Warden Hedgpeth.

April 24, 1996.  28 U.S.C.A. § 2244 (West 2006).  AEDPA sets forth the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.A. § 2254(a) (West 2006); see also Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991).

To present a cognizable federal habeas corpus claim, a state prisoner must allege that his conviction was obtained "in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C.A. § 2254(a).  Petitioner must allege that the state court violated his federal constitutional rights.  See Reed v. Farley, 512 U.S. 339, 347 (1994); Hernandez, 930 F.2d at 719; Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990).

In 1996, Congress "worked substantial changes to the law of habeas corpus." Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997) (abrogated on other grounds by Williams v. Taylor, 529 U.S. 362 (2000)).  Amended § 2254(d) now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

Case 3:08-cv-02195-LAB-RBB   Document 23   Filed 07/29/09   PageID.360   Page 6 of 16

**IV. DISCUSSION**

**A.   The One-Year Statute of Limitations**

The statute of limitations for habeas corpus petitions is set forth in AEDPA.  As amended by AEDPA, 28 U.S.C. § 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date one which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1).  Petitioner has not asserted that subsections (B)-(D) of § 2244(d)(1) apply to his case, so § 2244(d)(1)(A) provides the applicable standard for determining when the limitations period began to run.

Petitioner timely appealed his conviction to the California Court of Appeal, and on September 14, 2005, the court affirmed his conviction and resentencing.  (Lodgment No. 1, <u>People v. Whitney</u>, No. D046443, slip op. at 3-4.)  Whitney did not file a petition for review in the California Supreme Court.  (<u>See</u> Pet. 2-3, 164, 166; Mot. Dismiss Attach. #1 Mem. P. & A. 3.)  Consequently, his conviction became final thirty days after the court of appeal's

decision. Cal. R. Ct. 8.366(b)(1). Whitney could have filed a petition for review in the state supreme court within ten days of the appellate decision becoming final, but he did not. See Cal. R. Ct. 8.500(e)(1); Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008). Accordingly, the statute of limitations for Petitioner's federal habeas corpus claims began to run on October 24, 2005, and, absent statutory or equitable tolling, would have expired on October 23, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (quoting Fed. R. Civ. Pro. 6(a)) (explaining that "[i]n computing any amount of time prescribed or allowed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time runs shall not be included[]").

Whitney's first state habeas corpus petition was filed on August 25, 2006, approximately ten months after his conviction became final; the petition was summarily denied by the California Supreme Court on July 11, 2007. (Lodgment No. 2, In re Whitney, No. S146087; Lodgment No. 3, In re Whitney, No. S146087, slip op. 1.) The Petition for Writ of Habeas Corpus, which is the subject of the Respondent's Motion to Dismiss, was filed on November 24, 2008 [doc. no. 1]. Unless Petitioner is entitled to sufficient statutory or equitable tolling, this action is barred by AEDPA's statute of limitations.

**1. Statutory Tolling**

Under AEDPA, the statute of limitations is tolled during periods when a petitioner has a properly filed application for collateral review pending in state court. Specifically, 28 U.S.C. § 2244(d)(2) states, "The time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.A. § 2244(d)(2).

In addition, the interval between the disposition of one state petition and the filing of another may be tolled under "interval tolling." Carey v. Saffold, 536 U.S. 214, 223 (2002). "[T]he AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'" Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999)); see also Carey, 536 U.S. at 219-22.

AEDPA's limitations period is tolled from the time a petitioner's first state habeas petition is filed until state collateral review is concluded, but it is not tolled before the first state collateral challenge is filed. Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007) (citing Nino, 183 F.3d at 1006). A subsequently filed petition for state collateral relief cannot revive an expired statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

When Whitney submitted his state habeas corpus petition to the California Supreme Court on August 18, 2006, he had sixty-seven days remaining before the AEDPA statute of limitations expired. While his state petition was pending, the limitations period was tolled. Thorson, 479 F.3d at 646. On July 11, 2007, the

California Supreme Court denied Whitney's habeas petition.  Thus, he had until September 17, 2007, to file his federal habeas corpus petition.  See Fed. R. Civ. P. 6.

On August 10, 2007, Whitney timely filed a federal Petition for Writ of Habeas Corpus.  Whitney v. Hedopeth, Case No. 07cv1592 LAB (PLC) (S.D. Cal. filed Aug. 10, 2007) (petition for habeas corpus).  The petition was dismissed without prejudice on September 6, 2007.  Whitney filed a First Amended Petition that was also dismissed without prejudice on September 28, 2007, for failure to name the proper respondent and failure to allege exhaustion of state judicial remedies.  Whitney v. Hedopeth, Case No. 07cv1592 LAB (PLC) (order dismissing amended petition at 2-4).  Whitney was given until November 16, 2007, to file a second amended petition that cured the pleading deficiencies.  He did not file an amended petition by the deadline.  Instead, Whitney filed this second action on November 24, 2008 [doc. no. 1]; see also Whitney v. Hedopeth, Case No. 07cv1592 LAB (PLC) (S.D. Cal. Dec. 3, 2008) (order striking second amended petition at 2) (explaining that "[t]he Court has since determined the petition was erroneously filed in this case and that, instead, Petitioner intended to file a new petition[]").

"Whether a habeas application is deemed second or successive can be critical because 'AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications.'"  United States v. Lopez, 534 F.3d 1027, 1033 (9th Cir. 2009) (quoting Cooper v. Calderon, 274 F.3d 1270, 1272-73 (9th Cir. 2001) (internal quotation marks omitted).

Whitney's August 10, 2007, petition does prevent consideration of the Petition in this case because the former was never properly filed and was not decided on the merits. See Thai v. United States, 391 F.3d 491, 495 (2nd Cir. 2004) (citation omitted) (making a distinction between original and second or successive petitions by explaining that "an initial petition that is dismissed without prejudice because it contains curable procedural defects or because it presents unexhausted claims is not a first petition for purposes of §§ 2244 and 2255[]"); Felder v. McVicar, 113 F.3d 696, 697 (7th Cir. 1997) (quoting Benton v. Washington, 106 F.3d 162, 164-65 (7th Cir. 1996)) (finding that "if the first petition was not accepted (maybe it was returned for nonpayment of the filing fee . . . or it simply was unintelligible), . . . then the second petition is not a successive petition, because the first is a nullity[]").) Whitney's current Petition is not a second or successive petition; consequently, the Court must evaluate whether the statute of limitations bars this proceeding.

After Petitioner's state petition was denied by the California Supreme Court on July 11, 2007, Whitney had sixty-seven days to file his federal Petition before the statute of limitations ran. Thirty days later, he filed a petition in Whitney v. Hedopeth, Case No. 07cv01592 LAB (PCL). The petition was dismissed with leave to amend.

Whitney is not entitled to statutory tolling between the time his first federal petition was filed and the date he filed the Petition initiating this proceeding. "[T]he filing of a petition for habeas corpus in federal court does not toll the statute of limitations . . . ." Rhines v. Weber, 544 U.S. 269, 274-75 (2005)

(citing Duncan v. Walker, 533 U.S. 167, 181-82 (2001)). The situation Whitney faced has been addressed before.

> Petitioner argues he is entitled to tolling because his federal habeas petition was dismissed without prejudice. The limitations period is not statutorily tolled during the pendency of a federal habeas petition that is subsequently dismissed without prejudice. See Grooms v. Johnson, 208 F.3d 488, 489 (5th Cir. 1999). Further, the dismissal without prejudice did not excuse Petitioner from complying with any applicable limitations statutes.

Hampton v. Dretke, 2004 U.S. Dist. LEXIS 24017, at **6-7 (N.D. Tex. Nov. 29, 2004); accord Singleton v. Vasquez, 2008 U.S. Dist. LEXIS 14000, at *16 (C.D. Cal. Feb. 1, 2008). Although some statutory tolling applies to the period during which Whitney's state petitions were pending, statutory tolling does not apply to his first federal petition. As a result, this Petition was filed over fourteen months past too late.

### 2. Equitable Tolling

Equitable tolling of the statute of limitations is appropriate when "'extraordinary circumstances beyond a prisoner's control make it impossible'" to file a timely petition. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003)); Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. at 418 (citations omitted); see also Lawrence v. Florida, 549 U.S. 327, 335 (2007); Rouse v. U.S. Dept. of State, 548 F.3d 871, 878-79 (9th Cir. 2008); Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

1    "'[T]he threshold necessary to trigger equitable tolling
2    [under AEDPA] is very high, lest the exceptions swallow the rule.'"
3    Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting
4    United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).
5    The failure to file a timely petition must be the result of
6    external forces, not the result of the petitioner's lack of
7    diligence.  Miles, 187 F.3d 1104, 1107 (9th Cir. 1999).
8    "Determining whether equitable tolling is warranted is a 'fact-
9    specific inquiry.'"  Spitsyn, 345 F.3d at 799 (quoting Frye v.
10   Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)).
11              **(A)   Confusion and Ignorance of the Law**
12       Whitney claims he believed that "all motions or writs [had]
13   been timely filed . . . ."  (Opp'n 8.)  He attached the first page
14   of the federal Petition for Habeas Corpus filed on August 10, 2007,
15   along with his incoming and outgoing mail records as evidence.
16   (Id. Attach. #1, App. H, I.)  Whitney also explains that he lacks
17   legal knowledge.  (Opp'n 7.)  Petitioner's claim can be construed
18   as an argument that equitable tolling should apply because he was
19   ignorant of the law.  (Id. at 8.)
20       "[I]t is well settled that inexperience and ignorance of the
21   law are insufficient to constitute extraordinary circumstances[]"
22   to justify equitable tolling.  Furr v. Small, No. CV 08-6870 ODW
23   (FMO), 2009 WL 1598419, at *5 (C.D. Cal. June 4, 2009) (citing
24   Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Felder v.
25   Johnson, 204 F.3d 168, 172-73 (5th Cir. 2000); Turner v. Johnson,
26   177 F.3d 390, 392 (5th Cir. 1999) (per curiam); Hines v. Runnell,
27   2003 WL 21031967 at *2 (N.D. Cal. 2003); Fisher v. Ramirez-Palmer,
28   219 F. Supp. 2d 1076, 1081 (E.D. Cal. 2002); Frances v. Miller, 198

F. Supp. 2d 232, 235 (E.D. N.Y. 2002).) Petitioner's ignorance of the legal requirements for satisfying AEDPA's statute of limitations does not justify equitable tolling. Even if Whitney believed his August 10, 2007, petition tolled the statute of limitations, he did not pursue his rights diligently. Although Whitney was instructed to file a second amended petition no later than November 16, 2007, he did not file the current Petition until over a year later on November 24, 2008. Whitney v. Hedgpeth, Case No. 07cv1592 LAB (PLC), slip op. 2-4; see (Pet. 1.)

**(B) Whitney's Declaration**

Whitney attached a declaration to his Petition, signed on August 3, 2006, in which he explains there was "good cause for the delay" in filing his state habeas corpus petition. (Pet. Attach. #1 Ex. 3, at 43-51.) Petitioner alleges the following circumstances prevented him from filing earlier: (1) He was on lockdown so he was unable to access the law library between August 2005 and September 12, 2005; (2) he did not have access to one of his appellate transcripts until October 2005; (3) his appellate counsel did not help him prepare his state habeas corpus petition; and (4) he was a "special Ed student all [his] life[.]" (Id. at 48-51.) He did not make similar arguments in his Opposition Motion to Respondent's Request to Dismiss [doc. nos. 15, 17].

Whitney's first two explanations for his delay involve events that occurred before his AEDPA statute of limitation began running on October 24, 2005; therefore, they are not relevant to any request for equitable tolling.

Whitney's allegation that he was delayed by his appellate counsel's failure to help him prepare a state habeas corpus

petition does not justify equitable tolling.  See Lawrence v. Florida, 549 U.S. at 337 (explaining that "a State's effort to assist prisoners in postconviction proceedings does not make the State accountable for a prisoner's delay[]"); see also Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir. 2002) (holding that petitioner has no right to appointed counsel for post-conviction relief).

   Petitioner's unsupported allegation that he had a learning disability that prevented him from filing sooner does not establish "extraordinary circumstances" justifying equitable tolling. Lawrence v. Florida, 549 U.S. at 337 (finding that petitioner had fallen short of showing "extraordinary circumstances" where petitioner "has made no factual showing of mental incapacity[]"); see also Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (holding that petitioner had the burden to show a "causal connection" between his self-represented mental disability and a failure to file a timely petition).  Furthermore, the chronology outlined above establishes that Whitney was able to file his first federal petition on August 10, 2007.  He was not, however, diligent in filing an amended petition, although he was given leave to do so, or in filing a new action.  Petitioner is not entitled to equitable tolling.

   Corjasso v. Ayers, 278 F.3d 874, 878-79 (9th Cir. 2002), cited by Whitney in his Opposition, is consistent with this Court's conclusion that extraordinary circumstances did not prevent Whitney from timely filing his Petition.  In Corjasso, the Ninth Circuit held that "[t]he district court's incorrect dismissal [of the original petition], combined with its loss of the body of

1  Corjasso's petition, constitutes an 'extraordinary circumstance' as
2  contemplated by our equitable tolling cases."  The circumstances in
3  Whitney's case do not rise to the level of extraordinary.
4       Petitioner has made no other arguments that he has been
5  pursuing his rights diligently but extraordinary circumstances
6  prevented him from timely filing.  See Pace, 544 U.S. at 418.
7  Thus, equitable tolling is not appropriate.

**B.   Evidentiary Hearing**

Whitney asks that an evidentiary hearing be held in connection with his request for habeas relief.  (Pet. 1.)  An evidentiary hearing is not required "when the files and records in the case conclusively show that the prisoner is entitled to no relief." Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998) (quoting United States v. Birtle, 792 F.2d 846, 849 (9th Cir. 1986). Furthermore, conclusory allegations that are unsupported by specific facts do not warrant an evidentiary hearing.  Williams v. Woodford, 384 F.3d 567, 588 (9th Cir. 2004).

Because the record establishes that Whitney's Petition is barred by the one-year statute of limitations, the Court will not conduct an evidentiary hearing.

**V. CONCLUSION**

Whitney is entitled to statutory tolling during the pendency of his state habeas corpus petition, but he is not entitled to any equitable tolling.  Therefore, his second federal Petition was filed after the expiration of the AEDPA statute of limitations. Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus [doc. no. 11] should be **GRANTED**. The accompanying request for an evidentiary hearing is **DENIED**.

   This Report and Recommendation will be submitted to the United States District Court judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before August 31, 2009.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before September 14, 2009.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: July 28, 2009

RUBEN B. BROOKS
United States Magistrate Judge

cc: Judge Burns
    All parties of record