1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   DARREN L. WHITNEY,                          CASE NO. 08cv2195-LAB (RBB)

12                              Petitioner,      **ORDER OVERRULING**
                                                 **OBJECTIONS TO REPORT AND**
13              vs.                              **RECOMMENDATION, AND**
                                                 **DENYING PETITION FOR WRIT**
14   A. HEDGPETH,                                **OF HABEAS CORPUS**

15                              Respondent.

16   **I.      Procedural History**

17          Petitioner filed his first federal petition for writ of habeas corpus on August 10, 2007,

18   in case number 07cv1592.  This was dismissed on September 6, 2007 because Petitioner

19   did not use the proper form, but he was advised he could have the case reopened by filing

20   a First Amended Petition no later than November 5, 2007.  He was sent a copy of the form

21   to use.

22          His First Amended Petition was accepted for filing on September 21, 2007 but

23   dismissed again without prejudice on September 28, 2007 for failure to name a proper

24   respondent and for failure to allege exhaustion of state judicial remedies.  The form he was

25   sent included an area to describe how he exhausted his claims in state court, but he left this

26   blank.  Petitioner was advised about exhaustion of state remedies both in this order and in

27   a separate notice issued November 11, 2007.  The order informed Petitioner he could have

28   the case reopened by filing an amended petition no later than November 16, 2007.

1    Petitioner then submitted four other documents: an application for appointment of

2    counsel, a cover page to his dismissed petition specifying his demand for an evidentiary

3    hearing, a second application for appointment of counsel, and a renewed request to be

4    allowed to amend the cover page to his dismissed petition.  These were rejected by

5    discrepancy orders showing the case was closed, and the submitted documents were

6    returned to Petitioner.  (Docket numbers 7–10.)  The last of these documents was rejected

7    on January 7, 2008.

8          By a letter dated October 23, 2008, Petitioner submitted an inquiry asking about the

9    status of his case.  This too was rejected by discrepancy order, which explained that

10   Petitioner needed to file a new petition. All these documents were filed in case number

11   07cv1592. Petitioner then filed a new petition (the "Petition") in this case,[1] and it is this new

12   Petition which is currently under consideration.

13         The pending Petition was accepted for filing on November 24, 2008.  Respondent

14   then moved to dismiss it as untimely.  The motion was fully briefed and referred to

15   Magistrate Judge Ruben Brooks for report and recommendation pursuant to 28 U.S.C. §

16   636(b) and Civil Local Rule 72.1(d).  On July 29, 2009, Judge Brooks issued his report and

17   recommendation (the "R&R") finding the current Petition was untimely and recommending

18   it be denied on that basis.  Petitioner then filed a notice of change of address, a motion for

19   extension of time to file objections to the R&R, and another motion for appointment of

20   counsel.  On September 11, 2009, the Court denied his request for appointment of counsel

21   but granted Petitioner's request for an extension of time.  Petitioner then filed his objections

22   to the R&R ("Objections"), which were accepted for filing on September 25, 2009.

23   **II.    Legal Standards**

24         A district court has jurisdiction to review a Magistrate Judge's report and

25   recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district

26   _____

27         [1] The clerk initially filed the Petition in error in the docket on November 21, 2008 but
     withdrew it from the docket and opened the new docket.  The Court's order of December 3,
28   2008 approved this, and the direction to Petitioner that he needed to file a new petition was
     consistent with the Court's order of September 28, 2007.  Petitioner has not challenged the
     requirement that he file a new petition.

1    judge to whom the case is assigned shall make a de novo determination upon the record,
2    or after additional evidence, of any portion of the magistrate judge's disposition to which
3    specific written objection has been made in accordance with this rule." *Id.*; *see also*  28
4    U.S.C. § 636(b)(1)(C).  "A judge of the court may accept, reject, or modify, in whole or in
5    part, the findings or recommendations made by the magistrate judge."   28 U.S.C.
6    § 636(b)(1)(C).  Thus, this Court must review those parts of the report and recommendation
7    to which a party has filed a written objection.

8    **III.    Discussion**

9         Petitioner has filed detailed page-by-page objections to the R&R supported by over
10   a hundred pages of exhibits.  Most of the objections focus on matters Petitioner believes the
11   R&R should have included but did not, and in many of them he agrees with the R&R's
12   findings.  In any event most are not cognizable on federal habeas review, or would not affect
13   the Court's ruling even if they were sustained.

14        The R&R determined the second federal Petition, filed in this case on November 24,
15   2008, was untimely under AEDPA, 28 U.S.C. § 2244(d).  If this is correct, the only relevant
16   portions of Petitioner's Objections to the R&R are found at 1–2:18 and 3:11-17, and the
17   remaining objections, even if they were cognizable, would pertain to time-barred claims.

18        The R&R made factual findings regarding the dates Petitioner's conviction became
19   final, the date he filed his first state habeas petition, and the date his final state habeas
20   petition was denied, and the time during which he was not pursuing any state appellate or
21   habeas relief.  (R&R at 3:18–4:3, 6:22–7:18.)  Petitioner has not objected to these factual
22   findings, which the Court therefore **ADOPTS**.   The R&R's findings show Petitioner's
23   conviction became final on October 24, 2005.  AEDPA's one-year limitations period then ran
24   for nearly ten months until August 18, 2006, when he submitted his first state habeas
25   petition.  After the state supreme court denied his habeas petition on July 11, 2007, he filed
26   his initial federal petition on August 10, 2007.  At this point, nearly eleven months of the one-
27   year limitations period had run.

28   / / /

1   As discussed above, the first federal petition was dismissed and Petitioner failed to
2   file an amended petition within the time permitted.  The period during which a federal habeas
3   petition is pending does not toll AEDPA's one-year limitations period, *Duncan v. Walker*, 533
4   U.S. 167, 181 (2001), so the time continued to run throughout this whole period.  Over a year
5   after his first federal petition was dismissed, he filed the pending Petition.  This was sixteen
6   months after the state supreme court denied his habeas petition.  Because the state petition
7   was filed nearly ten months after his petition became final, over two years and two months
8   passed before Petitioner filed the currently pending Petition.  (R&R at 10:18–11:14.)  Even
9   with statutory tolling, *see* § 2254(d)(2), the currently pending Petition is thus time-barred
10  under § 2254(d) unless Petitioner is also entitled to equitable tolling.

11  A petitioner seeking equitable tolling bears the heavy burden of showing "(1) that he
12  has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood
13  in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

14  As one basis for equitable tolling, Petitioner points to the state trial court's refusal to
15  provide him with a free copy of a particular hearing transcript for purposes of pursuing state
16  habeas relief.  (*See* Pet., Ex. Q (state court's reply letter dated October 21, 2005).)  The trial
17  court's reply informed Petitioner that because the transcript related to a pending appeal, it
18  would be the appellate court that would grant him a transcript if he needed it, and suggested
19  he contact his counsel for assistance augmenting the record.  (*Id*.)  After loss at the state
20  court of appeal level, Petitioner's attorney had informed him he found no basis for a further
21  appeal, and gave Petitioner information on how to file his own appeal if he wished to.  (Pet.,
22  Ex. N (letter from counsel dated September 16, 2005).)  When Petitioner sought an
23  extension of time in which to file a petition for review, the state court informed him how he
24  could seek relief from default if he was unable to file on time.  (*Id*., Exs. O, P (petition to and
25  response from California supreme court).)  The R&R found Petitioner never filed a petition
26  for review, and Petitioner does not object to this finding.  (R&R, 3:20–25.)  The Objections
27  never state what steps Petitioner took to obtain the transcript he needed, or whether he
28  eventually received it.  Petitioner's allegation that his appellate counsel did not have the

transcript in question (Objections at 6:11–17) does not show why Petitioner himself could not have obtained the transcript. Contrary to Petitioner's assertions, the state court's letter does not tell him to obtain the transcript from his attorney; rather, it tells him that the appellate court would make the determination whether he should be provided a transcript. (Pet., Ex. Q.)

Petitioner does not, as he believes, have a due process right to assistance of appointed counsel for later stages of appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Petitioner's counsel's failure to help him as requested after the first round of appeal therefore does not serve as a basis for tolling. *Smith v. Idaho*, 392 F.3d 350, 356–57 (9th Cir. 2004). This is particularly true here, where Petitioner's counsel informed him he could file the petition for review himself and provided him information on how to do so. The remainder of his objections pertaining to his attorneys' performance or the state court's sentencing have no bearing on the tolling of the limitations period.

The Objections also argue for tolling based on Petitioner's claim he never received a copy of this Court's order of September 28, 2007 in the mail. He attaches copies of the prison mail logs in support of this argument, and requests an evidentiary hearing on this issue. The logs are not authenticated but the Court will consider them for purposes of determining whether Petitioner's allegations, if true, would entitle him to relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (holding a hearing is not required "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief"). The logs do not show what Petitioner received, but they do show the dates mail was received and whom it was received from.

The incoming mail log shows Petitioner received two pieces of mail from this Court on September 11, 2007 and another piece on September 17. (Objections at 11.) After that, the logs record nothing from this Court until December, 2007. Petitioner then received one piece of mail from this Court on December 3, 2007, another on December 20, 2007, another

/ / /

/ / /

1   on January 8, 2008, and another on January 15, 2008.  The logs show nothing further

2   received from the Court until October 20, 2008.[2]

3       Petitioner has not alleged he had any other matters pending in this Court, and the

4   Court's records show the only two cases in this Court to which he was a party are his two

5   petitions.  Reviewing the docket, the first two pieces of mail were likely the Court's amended

6   order of September 6, 2007 dismissing his petition without prejudice[3] and the notice of

7   September 11, 2007 regarding possible failure to exhaust and the one-year statute of

8   limitations.  (Docket nos. 3, 4.)  Accepting Petitioner's allegation that none of the four pieces

9   of mail is the September 28 order, the four pieces of mail received from December 3, 2007

10  appear to be the four discrepancy orders issued from November 26, 2007 to January 7, 2008

11  rejecting Petitioner's attempted filings.

12      These discrepancy orders show that no tolling is appropriate, because three of them

13  put Petitioner on notice that his Petition had been dismissed.  Each of them explains the

14  reason the attempted filing is being rejected.  The order issued November 26, 2007 says in

15  boldface type, "**Case closed as of 9/28/07."**  One of the two orders issued December 17,

16  2007, which Petitioner later refers to, says in boldface type, "**Case closed as of 9/28/2007**

17  **(Docket #6).**"[4]  The order issued January 7, 2008 simply says in boldface type, "**Case**

18  **closed.**"  Petitioner certainly received the warning "**Case closed as of 9/28/07 (Docket #6).**"

19  because he later sent a letter to the Court about it.  (*See* Docket no. 10 (rejected letter from

20  Petitioner asking "Can I get your permission to file this application cover head to correct the

21  one that was rejected . . . . The document number is 8 and 9."))  The fact that docket number

22  6 was cited as the basis for the case's being closed, and was not otherwise accounted for,

23  ———————————————

24      [2] The October 20 mail is apparently a response from the Clerk's office to his request
    to that office for a printout of the docket.  (*See* Objections to R&R at 18 (outgoing mail log
25  showing he mailed something to this Court on October 3, 2008.)  He makes reference to this
    printout in his letter to the Court dated October 23, 2008, which was rejected for filing.
26  (Docket no. 11.)

27      [3] The original order dismissing the petition (Docket no. 2) was entered in the docket
    on September 6, the same day as the order amending it.

28      [4] The other discrepancy order issued that same day merely rejected the attempted
    filing as an unauthorized supplemental pleading.

1   should have led him to ask for this document or at least look at the docket.  And the mere

2   fact that the case was closed should also have prompted him to inquire further as well.  *See*

3   *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc* ., 587 F.2d 27, 29 (9th Cir.

4   1978) (holding that a claimant is under a duty to prosecute his case with reasonable

5   diligence).

6          Petitioner never sought leave to file his Petition as a second amended petition in case

7   07cv1592, but if he had done so, it would have been denied.  He has shown no good cause

8   for his dilatory filing, because even after he was told his first petition had been dismissed,

9   he failed to make further inquiries for about ten months.  This was an unreasonable delay.

10  Even though he is a prisoner proceeding *pro se*, he must "follow the same rules of procedure

11  that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Furthermore,

12  excusing habeas petitioners' defaults without a showing of good cause would circumvent the

13  principal purpose of AEDPA's limits.  *See King v. Ryan*, 564 F.3d 1134, 1139 (9th Cir. 2009)

14  (explaining that district courts must be mindful of AEDPA's purpose of reducing delays in the

15  execution of criminal sentences when considering whether to stay habeas petitions) (citing

16  *Rhines v. Weber*, 544 U.S. 269, 276 (2005)).

17         In short, even assuming the truth of Petitioner's allegation that he never received the

18  Court's order dismissing his first petition,[5] he had ample notice his petition had been

19  dismissed.  After being given notice, he did nothing for about ten months.  He then obtained

20  a copy of the docket, something he could and should have done immediately upon being told

21  his case had been dismissed by an order he now says he had never seen.  This falls far

22  short of a showing "(1) that he has been pursuing his rights diligently, and (2) that some

23  extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.  No hearing is required

24  because regardless of what was determined, Petitioner would not be entitled to relief.  These

25  objections are therefore **OVERRULED**.

26  _____

27         [5] It is of course also possible Petitioner received the Court's order of September 28,
    2007 and it is not reflected on the mail logs Petitioner submitted, or that it was delayed by
28  just over two months and arrived in December, 2007.  It is also possible Petitioner could
    have been told about the Court's ruling or discovered it in some other way.  For purposes
    of this analysis, however, the Court has assumed the truth of Petitioner's representations.

1   No other basis for tolling is presented, and it is therefore apparent the Petition is over

2   fourteen months late.  Because this finding moots the remainder of Petitioner's objections

3   (to the extent they were cognizable), they are **OVERRULED** as moot.

4   While it will be of little comfort to Petitioner, the Petition would have been denied even

5   if it had been timely.  The Petition makes no arguments of its own, but merely refers the

6   Court to a copy of the petition he filed with the California supreme court.  (Pet. at 6–14

7   (referring to state petition), 17–63 (excerpt of state petition).)  Of the six stated grounds for

8   relief, three arise entirely under state law, and to the extent they might be construed to arise

9   under federal law he never adequately apprised the state court of any federal grounds for

10  relief.  *See Estelle v. McGuire,* 502 U.S. 62, 67 (1991) ("We have stated many times that

11  federal habeas corpus relief does not lie for errors of state law.") (internal quotation marks

12  and citation omitted)); *Fields v. Waddington*, 401 F.3d 1018, 1020–21 (9th Cir. 2005) (holding

13  that habeas petitioner must clearly identify federal claims in petition to state court) (citing

14  *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (further citations omitted).

15  Of the three federal claims, the first merely argues that admission of Petitioner's co-

16  defendant's uncharged prior was contrary to state law and therefore fundamentally

17  undermined his federal due process rights.  The federal portion of this claim is without merit.

18  The second is a claim under *Blakely v. Washington*, 542 U.S. 296 (2004), which was already

19  raised and corrected by the state court.  This claim is therefore moot, and Petitioner does

20  not attempt to show otherwise.

21  The third is a claim that admission of Petitioner's co-defendant's confession to a

22  different uncharged robbery was a violation of the principle announced in *Bruton v. United*

23  *States*, 391 U.S. 123 (1968).  The confession did not facially implicate Petitioner, and only

24  served to incriminate him to the extent other evidence showed he participated in the other

25  robbery.  This does not support a grant of federal habeas relief.  *See Mason v. Yarborough*,

26  447 F.3d 693, 695 (9th Cir. 2006) (holding *Richardson v. Marsh*, 481 U.S. 200 (1987)

27  "specifically exempts" from the *Bruton* rule "a statement, not incriminating on its face, that

28  implicates the defendant only in connection to other admitted evidence").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   Conclusion and Order

The Objections therefore do not show the Petition is timely, and are therefore **OVERRULED**.  The Court **ADOPTS** the R&R and, because the Petition is time-barred, **GRANTS** the motion to dismiss.  Petitioner's renewed request for appointment of counsel is **DENIED** as moot.  The Petition is **DENIED**.


**IT IS SO ORDERED**.

DATED:  September 28, 2009

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 9 -

08cv2195